# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brian B. Garlin, | Case No. 2:23-cv-01144-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| VA Palo Alto, | |
| Defendant. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). However, while Plaintiff has submitted a complaint, he has not filled out the complaint form. (ECF No. 1-1). Plaintiff has also moved to "schedule a trial at the Robert T. Matsui Federal Courthouse" in Bakersfield California, which the Court construes as a motion to change venue. (ECF No. 3).

Because Plaintiff's application is sufficient for the Court to find that Plaintiff cannot prepay fees and costs or give security for them, it grants his application to proceed *in forma pauperis*. However, because Plaintiff's complaint does not assert any facts, the Court dismisses his complaint with leave to amend. Because the Court lacks sufficient facts about the case or Plaintiff's motion, the Court denies Plaintiff's motion to "schedule a trial."

## I.     *In forma pauperis* application.

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Although Plaintiff does not describe the amounts owed and to whom they are payable in answering question 8 of the *in forma pauperis* application, Plaintiff has nonetheless shown an inability to prepay fees and costs or give security for them. Plaintiff's expenses exceed his income and he has indicated that his father pays for his rent. Accordingly, the Court grants Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).

1    **II.    Screening the complaint.**

2        Upon granting an application to proceed *in forma pauperis*, courts additionally screen the

3    complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is

4    legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

5    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

6    When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

7    the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

8    complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

9    F.3d 1103, 1106 (9th Cir. 1995).

10        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

11    complaint for failure to state a claim upon which relief can be granted.  Review under Rule

12    12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

13    719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of

14    the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

15    *Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual

16    allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

17    elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*

18    *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations

19    contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,

20    556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory

21    allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not

22    crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550

23    U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal

24    pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding

25    that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

26

27

28

**A.** ***The Court dismisses Plaintiff's complaint without prejudice and denies Plaintiff's motion to change venue.***

Plaintiff has filed a complaint on this Court's form, but has only listed his name, the Defendant, and Plaintiff's address. (ECF No. 1-1). Plaintiff does not list the address or contact information for the Defendant. He has not filled out the section indicating the basis for jurisdiction. And he has not provided a statement of the claim or indicated what relief he is seeking. Finally, he has not signed and dated the complaint. The Court cannot screen Plaintiff's complaint without any facts about the case. Nor can it decide Plaintiff's motion to "schedule a trial," which the Court liberally construes as a motion to change venue. Plaintiff's motion simply states his request that the Court schedule a trial at the Bakersfield courthouse without any explanation regarding why, points and authorities as required by Local Rule 7-2(a),[1] or any reference to 28 U.S.C. § 1404 governing changes of venue. This information is particularly vital because by filing his application to proceed *in forma pauperis* and complaint in this Court, Plaintiff has already chosen to bring his action here, rather than in California. The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend. The Court also denies Plaintiff's motion to change venue without prejudice.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

---

[1] "Local Rule" refers to the Local Rules of Practice for the United States District Court for the District of Nevada. These rules can be found online at chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

1    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's

2    complaint (ECF No. 1-1) on the docket but shall not issue summons.

3    **IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without**

4    **prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.

5    Plaintiff will have until **August 31, 2023** to file an amended complaint if the noted deficiencies

6    can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court

7    cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint

8    complete.  This is because, generally, an amended complaint supersedes the original complaint.

9    Local Rule 15-1(a) requires that an amended complaint be complete without reference to any

10   prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer

11   serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

12   each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to**

13   **comply with this order will result in the recommended dismissal of this case.**

14   **IT IS FURTHER ORDERED** that Plaintiff's motion to schedule trial (ECF No. 3) is

15   **denied without prejudice**.

16

17

18   DATED: August 1, 2023

19   _____

20   DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28